IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 24-31E |
| JOHN COURTNEY POLLARD | [UNDER SEAL] |

FILED
OCT 16 2024
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Nicole A. Stockey, Assistant United States Attorney for said District; and Corey R. Amundson, Chief of the Public Integrity Section for the United States Department of Justice, and Jacob R. Steiner, Trial Attorney for said Section, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Interstate Threats<br>September 6, 2024 | 18 U.S.C. § 875(c) |

### II. ELEMENTS OF THE OFFENSE

**A.   As to Count 1:**

In order for the crime of Interstate Threats, in violation of 18 U.S.C. § 875(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   The defendant knowingly transmitted a communication.

2. The communication contained a true threat to injure any person.

3. The defendant transmitted the communication a) with the purpose of making a true threat; b) with knowledge the communication would be understood as a true threat; or c) in conscious disregard of a substantial and unjustifiable risk that the communication would be understood as a true threat.

4. The communication was transmitted in interstate or foreign commerce.

*Counterman v. Colorado*, 600 U.S. 66, 74, 79 (2023);
Title 18, United States Code, Section 875(c).

## III. PENALTIES

**A.  As to Count 1:  Interstate Threats (18 U.S.C. § 875(c)):**

1. A term of imprisonment of not more than five (5) years.

2. A fine of not more than $250,000.00.

3. A term of supervised release of not more than three (3) years.

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Forfeiture is not applicable in this case.

                                        Respectfully submitted,

                                        ERIC G. OLSHAN
                                        United States Attorney

                                        */s/ Nicole A. Stockey*
                                        NICOLE A. STOCKEY
                                        Assistant United States Attorney
                                        PA ID No. 306955

                                        */s/ Corey Amundson*
                                        COREY AMUNDSON
                                        Chief, Public Integrity Section
                                        U.S. Department of Justice

                                        */s/ Jacob R. Steiner*
                                        JACOB R. STEINER
                                        Trial Attorney, Public Integrity Section
                                        CA ID No. 325239